UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DATONICS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ORACLE CORPORATION,<br><br>    Defendant. | Case No.  7:25-cv-00059<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
<u>ORACLE CORPORATION</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Datonics LLC ("Plaintiff") makes the following allegations against Defendant Oracle Corporation ("Defendant" or "Oracle"):

**<u>INTRODUCTION AND PARTIES</u>**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Datonics, each of which generally relate to novel internet / network-based advertising systems and methods: United States Patent Nos. 8,589,210 and 10,984,445 (collectively, the "Asserted Patents"). Datonics owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Datonics is a leading aggregator and distributor of highly granular search, purchase-intent, and life-stage data. Datonics offers data users (including ad networks, ad exchanges, demand side platforms, and publishers) pre-packaged or customized keyword-based "data segments" that can facilitate the delivery of advertisements to consumers wherever they go online,

1

with the ads being focused on subjects relevant to the individual consumer yet delivered in a privacy-sensitive way.

3. On information and belief, Defendant is a Delaware corporation with a principal place of business at 2300 Oracle Way, Austin, Texas 78741. Defendant may be served with process through its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware and has a principal place of business in this at 2300 Oracle Way, Austin, Texas 78741. Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6. Venue is proper in this District because Defendant resides in this District, has a regular and established place of business in this District, and has committed acts of infringement within this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,589,210

7. Datonics realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Datonics owns all rights, title, and interest in U.S. Patent No. 8,589,210, titled "providing collected profiles to media properties having specified interests," issued on November 19, 2013 ("the '210 patent"). A true and correct copy of the '210 patent is attached as Exhibit 1.

9. Datonics has complied with the requirements of 35 U.S.C. § 287(a) with respect to the '210 patent.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Oracle Advertising and Oracle Marketing Cloud, including but not limited to components such as Infinity IQ, Infinity event data, Infinity Streams, Infinity Analytics, Recommendations, Responsys, Responsys event data, CX Tag, Data Cloud, Bluekai Data Management Platform, and ID Graph, that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '210 patent.

11. The infringement of the '210 patent is also attributable to Defendant. Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement the '210 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

12. The Accused Products practice all claim limitations of one or more method claims of the '210 patent. A claim chart comparing an independent method claim of the '210 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Datonics and is liable for infringement of the '210 patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '210 patent, Datonics is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Plaintiff is entitled to past damages for Defendant's infringement of the '210 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '210 patent.

16. Plaintiff has suffered and continue to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. For example, Datonics has and will continue to suffer this harm by virtue of Defendant's infringement of one or more method claims of the '210 patent. In particular, Datonics' pre-packaged and customized data segment services, which facilitate the delivery of advertisements to consumers wherever they go online, directly competes with components of Oracle Marketing Cloud, such as, e.g., Infinity IQ and Responsys. For example, Infinity IQ and Responsys facilitate the delivery of advertisements for a particular consumer as well as linked profile information, which Oracle has collected from a profile owner computer (such as, e.g., a computer operated by Adobe). *See* Ex. 2. Additionally, Defendant's actions have interfered with and will interfere with Plaintiff's ability to license technology. The balance of hardships favors Datonics' ability to commercialize its own ideas and technology. The public interest in allowing Datonics to enforce its right to exclude outweighs other public interests. A permanent injunction would not result in depriving the public of the patented

invention because consumer need for the patented invention can be met by at least Datonics' product offerings as well as at least one other advertising platform who has taken a license to the '210 Patent.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 10,984,445

17. Datonics realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Datonics owns all rights, title, and interest in U.S. Patent No. 10,984,445, titled "providing collected profiles to media properties having specified interests," issued on April 20, 2021 ("the '445 patent"). A true and correct copy of the '445 patent is attached as Exhibit 3.

19. Datonics has complied with the requirements of 35 U.S.C. § 287(a) with respect to the '445 patent.

20. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Oracle Marketing Cloud, including but not limited to components such as Infinity IQ, Infinity event data, Infinity Streams, Infinity Analytics, Recommendations, Responsys, Responsys event data, CX Tag, Data Cloud, Eloqua, CrowdTwist, and ID Graph, that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '445 patent.

21. The infringement of the '445 patent is also attributable to Defendant. Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement the '445 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

22.     The Accused Products practice all claim limitations of one or more method claims of the '445 patent. A claim chart comparing an independent method claim of the '445 patent to a representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

23.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Datonics and is liable for infringement of the '445 patent pursuant to 35 U.S.C. § 271.

24.     As a result of Defendant's infringement of the '445 patent, Datonics is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

25.     Plaintiff is entitled to past damages for Defendant's infringement of the '445 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '445 patent.

26.     Plaintiff has suffered and continue to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. For example, Datonics has and will continue to suffer this harm by virtue of Defendant's infringement of one or more method claims of the '445 patent. In particular, Datonics' pre-packaged and customized data segment services, which facilitate the delivery of advertisements to consumers wherever they go online, directly competes with components of Oracle Marketing Cloud, such as, e.g., Infinity IQ and Responsys. For example, Infinity IQ and Responsys cause the delivery of advertisements for a particular consumer as well as linked profile information, which Oracle has collected from a profile owner computer (such as, e.g., a computer operated by Adobe). *See* Ex. 4. Additionally,

Defendant's actions have interfered with and will interfere with Plaintiff's ability to license technology. The balance of hardships favors Datonics' ability to commercialize its own ideas and technology. The public interest in allowing Datonics to enforce its right to exclude outweighs other public interests. A permanent injunction would not result in depriving the public of the patented invention because consumer need for the patented invention can be met by at least Datonics' product offerings as well as at least one other advertising platform who has taken a license to the '445 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Datonics respectfully requests that this Court enter:

a. A judgment in favor of Datonics that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A judgment in favor of Plaintiff that Defendant has willfully infringed the Asserted Patents;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the '210 and the '445 patents;

d. A judgment and order requiring Defendant to pay Datonics its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Datonics, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Datonics its reasonable attorneys' fees against

Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Datonics, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 7, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
James A. Milkey
James Tsuei
Daniel Kolko
Jason Wietholter
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff Datonics LLC*